IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LILLIE ROSE HARRIS,<br>on behalf of JULIUS ROZELL BARNES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LAUREN GRAYER, a corporate<br>entity and holder of the<br>key, et al.,<br><br>　　　　Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civ. Act. No. 09-279-JJF |

**MEMORANDUM ORDER**

Petitioner Julius Rozell Barnes' "Petition For Emergency Writ Of Habeas Corpus" ("Petition"), filed by "Petitioner Relator" Lillie Rose Harris, will be **DENIED**.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Having reviewed the face of the Petition, the Court concludes that summary dismissal is appropriate in this case.

To begin, the Court concludes that Lillie Rose Harris ("Harris"), the person who filed the "Petition For Emergency Writ Of Habeas Corpus" on behalf of Petitioner Julius Rozell Barnes, does not have standing to pursue habeas relief in this case.

First, there is no indication that Harris is acting as Petitioner's attorney; rather, Harris appears to be a pro se litigant herself, and therefore, she may not act as an attorney for other individuals. See 28 U.S.C. § 1654; Alexander v. New Jersey State Parole Bd., 160 Fed. Appx. 249, 250 n.1 (3d Cir. 2005)(non-precedential); Harris v. Philadelphia Police Dep't, 2006 WL 3025882 (E. D. Pa. Oct. 20, 2006.); In the Matter of Chojecki, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000)(citing United States v. Stepard, 876 F. Supp. 214, 215 (D. Ariz. 1994) ("Although a non-attorney may appear in propria persona on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself.").)

Next, even if Harris is attempting to prosecute the Petition under the "next friend" doctrine, which permits a third party to pursue habeas relief on behalf of a prisoner in limited circumstances, she has not satisfied the requirements necessary to proceed as Petitioner's "next friend." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). As a general rule, a "next friend" may appear in court "on behalf of a detained prisoner who is unable, usually because of mental incompetence or inaccessibility, to seek relief himself," provided that the person has some "significant relationship" with the prisoner and that he or she

is truly dedicated to best interests of the prisoner. Id. at 162-64. The burden of proving "next friend" status rests with the moving party. Id. at 163. Here, nothing in the Petition even remotely suggests the existence of a "significant relationship" between Harris and Petitioner for "next friend" purposes, and the Petition does not indicate that Petitioner is unable to litigate his own case due to mental incapacity, lack of access to a court, or a similar disability. See, e.g., Barlow v. Farber, 2006 WL 842422, at *3 (D.N.J. Mar. 29, 2006).

Aside from the question of Harris' standing to sue, the Court concludes that it must dismiss the Petition because Petitioner has not demonstrated that the Court has jurisdiction over this proceeding under 28 U.S.C. § 2254 or 28 U.S.C. § 2241. Specifically, Petitioner is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this Court.[1] See 28 U.S.C. § 2254; 28

---

[1]According to the caption of the Petition, Petitioner is presently incarcerated in the Atlanta Federal Prison Camp located in Atlanta, Georgia. Id. However, Petitioner appears to challenge his confinement "on or about November 18, 2006," in the "Fulton County Corporation Jail" in the State of South Carolina. Specifically, Petitioner alleges that Respondent "is a corporation for profit" which unlawfully detained him in the "Fulton County Corporation Jail" in the State of South Carolina, over his objection and without his consent, because "no criminal action in the State of South Carolina has been commenced against [him] by the filing of an affidavit/complaint, [or] by a competent fact witness, alleging the necessary and essential facts sufficient to constitute the elements of a crime that would

3

U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Petitioner has also failed to provide any indication that he has exhausted state remedies as required by § 2254(b)(1)(A).[2] For all of the aforementioned reasons, the case cannot proceed in this Court.

Finally, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997).

The Clerk of the Court shall mail a copy of this Order to Petitioner at his address of record and to Respondent. The Clerk

---

invoke a lawful court's jurisdiction in the first instance." Id. at pp. 1-2. He contends that the Court can review the instant Petition because it has original jurisdiction over corporations, and he asks the Court to "demand [his] immediate discharge." Id. at p. 3.

[2]To the extent Petitioner is challenging some type of pre-trial custody in South Carolina pursuant to 28 U.S.C. § 2241, the dismissal of the instant proceeding is appropriate because he is trying to completely abort his state criminal proceeding rather than assert a speedy trial claim. See Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973)(noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

4

of the Court shall close the case.

                                                So Ordered.

_May 18, 2009_                       _[signature] Joseph J. Farnan_
   DATE                                  UNITED STATES DISTRICT JUDGE